UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR CRUZ,<br><br>            Plaintiff,<br><br>    v.<br><br>S. FRAUNHEIM, et al.,<br><br>            Defendants. | 1:09-cv-00247-AWI-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR PLAINTIFF'S FAILURE TO PROSECUTE<br><br>OBJECTIONS, IF ANY, DUE IN 30 DAYS |

      Plaintiff is a prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.

      On March 20, 2009, the court issued an order granting plaintiff leave to proceed in forma pauperis and served it upon plaintiff at his last known address.[1]  (Doc. 5.)  The United States Postal Service returned the Order on April 13, 2009 as undeliverable.  A notation on the envelope indicated "Inmate Deceased as of 03/18/09."

      On March 31, 2009, the court issued an Order requiring plaintiff to indicate whether he consents or declines to Magistrate Judge jurisdiction and served it on plaintiff at his last known address.  (Doc. 7.)  The United States Postal Service returned the Order on April 8, 2009 as undeliverable.  A notation on the envelope indicated "Deceased."

      On April 2, 2009, the court issued a second Order requiring plaintiff to indicate whether he consents or declines to Magistrate Judge jurisdiction and served it upon plaintiff at his last known address.  (Doc. 8.)  The United States Postal Service returned the Order on April 13, 2009 as

---

[1] Plaintiff's last known address according to the court's record was Kern Valley State Prison, P.O. Box 5102, Delano, CA 93216-6000.  Plaintiff has not communicated with the court since March 27, 2009.  (Doc. 6.)

1

1  undeliverable.  A notation on the envelope indicated "Inmate: Oscar Cruz JID# V-63231, Deceased
2  as of 03/18/09."
3       Plaintiff has not notified the court of any change in his address.  Absent such notice, service
4  at a party's prior address is fully effective.  Local Rule 83-182(f).
5       Pursuant to Local Rule 83-183(b), a party appearing in propria persona is required to keep the
6  court apprised of his or her current address at all times.  Local Rule 83-183(b) provides, in pertinent
7  part:

>  If mail directed to a plaintiff in propria persona by the Clerk is
>  returned by the U.S. Postal Service, and if such plaintiff fails to notify
>  the Court and opposing parties within sixty (60) days thereafter of a
>  current address, the Court may dismiss the action without prejudice for
>  failure to prosecute.

11  In the instant case, sixty days have passed since plaintiff's mail was returned and he has not
12  notified the court of a current address.
13       In determining whether to dismiss an action for lack of prosecution, the court must consider
14  several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to
15  manage its docket; (3) the risk of prejudice to the respondents; (4) the public policy favoring
16  disposition of cases on their merits; and (5) the availability of less drastic alternatives.  Henderson v.
17  Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).  The
18  court finds that the public's interest in expeditiously resolving this litigation and the court's interest
19  in managing the docket weigh in favor of dismissal, as this case has been pending since February 9,
20  2009, and evidence shows that plaintiff was deceased on March 18, 2009.  The court cannot hold this
21  case in abeyance indefinitely based on plaintiff's failure to notify the court of his address and the
22  probability that plaintiff is deceased.  The third factor, risk of prejudice to respondents, also weighs
23  in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay
24  in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth
25  factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the
26  factors in favor of dismissal discussed herein.  Finally, given the court's inability to communicate
27  with plaintiff based on plaintiff's failure to keep the court apprised of his current address, no lesser
28  sanction is feasible.

**RECOMMENDATIONS**

Based on the foregoing, the court HEREBY RECOMMENDS that:

1. This action be dismissed without prejudice for plaintiff's failure to prosecute; and

2. The Clerk of Court be DIRECTED to close this action.

These Findings and Recommendations are submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   June 23, 2009                          /s/ Gary S. Austin
                                        UNITED STATES MAGISTRATE JUDGE